# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALE ELLIOT DENTON (#417327)** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA, ET AL.** | **NO. 12-0023-JJB-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 27, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DALE ELLIOT DENTON (#417327)**                               **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                 **NO. 12-0023-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, a person previously confined as an inmate at the River Correctional Center, Ferriday, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Secretary James LeBlanc and Governor Bobby Jindal. The plaintiff alleged in the Complaint that his constitutional rights were being violated by the defendants' failure to honor a plea agreement entered into in July, 2000. He asserted that the referenced plea agreement called for a waiver of sex offender registration requirements, but he was nonetheless being confined for reasons not "remotely in common to conviction," and prison officials had refused to release him on diminution of sentence, allegedly because of the need for compliance with sex offender registration requirements. He prayed for monetary damages and for an Order compelling the defendants "to conform to plea agreement imposed by judge upon original sentencing."

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest

which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

  The plaintiff's Complaint fails to state a claim cognizable in this Court. Initially, although the plaintiff has named the Louisiana Department of Public Safety and Corrections as a defendant herein, this defendant is not properly before the Court. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by citizens of other states. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra. Accordingly, absent consent or waiver, not here present, the State of Louisiana is immune from suit in federal court. This shield of immunity also extends to the Louisiana Department of Public Safety and Corrections as an arm or agency of the State. See, e.g., Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985). Accordingly, this defendant is subject to dismissal as a matter of law.

  The plaintiff has also named as a defendant herein Louisiana Governor Bobby Jindal but has failed to allege any participation by this defendant in the alleged violation of the plaintiff's constitutional rights. In this regard, pursuant to well-settled legal principles, in order for a state official to be found liable under § 1983, the official must have been personally involved in conduct causing

an alleged deprivation of constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that Governor Jindal is responsible for the actions of his subordinates or co-employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights has occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying this standard in connection with the plaintiff's claim asserted against defendant Jindal, it is clear that the plaintiff has failed to state a claim or cause of action relative to this defendant. Other than in the Caption of the Complaint, the plaintiff makes no mention whatever of defendant Jindal and makes no factual assertion that this defendant has had any involvement in the plaintiff's criminal proceedings, in the execution of his sentence, or in the terms of his confinement or supervised release. As Governor of the State of Louisiana, defendant Jindal stands only in a supervisory role with regard to the operation of the state judicial system, the state penal institutions, and the state office of probation and parole. Nor has the plaintiff pleaded the existence of any affirmative wrongful policy for which this defendant is allegedly responsible. Accordingly, the plaintiff's claim asserted against defendant Jindal fails to rise to the level of a constitutional violation, and this defendant is entitled to judgment as a matter of law.

Finally, turning to the plaintiff's claim asserted against the remaining defendant, Secretary James LeBlanc of the Louisiana Department of Public Safety and Corrections, this claim fares no better. Specifically, the plaintiff's claim that state officials have failed to comply with the terms of his plea agreement and/or with the terms of the criminal sentence imposed by a state judge in 2007, this claim must be asserted in a habeas corpus claim brought pursuant to 28 U.S.C. § 2241 because the

plaintiff is challenging the manner in which his criminal sentence is or was being served. See, e.g., Lai v. Pitzer, 189 F.3d 466 (5th Cir. 1999), cert. denied, 528 U.S. 1176, 120 S.Ct. 1207, 145 L.Ed.2d 1109 (2000) (recognizing that "28 U.S.C. § 2241 'is the proper vehicle used to attack the manner in which a sentence is being executed.'") Moreover, prior to seeking monetary or equitable relief under 42 U.S.C. § 1983 for injury attributable to an alleged wrongful confinement, the plaintiff is required to first mount a successful challenge to such confinement. See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that, in order to seek monetary or equitable relief under § 1983 for an allegedly unconstitutional conviction or imprisonment, a claimant must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.). The plaintiff in the instant case has made no suggestion in the record that he has mounted such a successful challenge to the alleged wrongful actions of state officials. Accordingly, based on the foregoing, and because it is clear that the plaintiff's claim has no arguable basis in fact or in law, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915, without prejudice to any habeas corpus remedies which the plaintiff may have.[1]

Signed in Baton Rouge, Louisiana, on September 27, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."